United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 16-34221 |
| ABC DENTISTRY, P.A., *et al.*, | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| | § | |
| SAEED ROHIFARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 18-3205 |
| | § | |
| BREWER & PRICHARD, P.C., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Dr. Saeed Rohi filed a complaint against his former counsel. No pre-trial matters remain, and the parties request a jury trial before the District Court. The Court recommends withdrawal of the reference.

## BACKGROUND

On June 4, 2018, Dr. Rohi filed suit against his former counsel, Brewer & Pritchard, P.C., J. Mark Brewer, and A. Blaire Hickman (the "Brewer Defendants"), in Harris County, Texas for breach of fiduciary duty and breach of contract. (ECF No. 119 at 2). The Brewer Defendants moved to reopen ABC Dentistry, P.A.'s bankruptcy case and remove the malpractice litigation. (Case No. 16-34221, ECF No. 392). The Court reopened the case and dismissed the complaint. (ECF Nos. 32; 33; Case No. 16-34221, ECF No. 396). Dr. Rohi appealed and the District Court affirmed. (ECF Nos. 36; 52). The Fifth Circuit reversed and remanded. *Rohi v. Brewer (In re*

*ABC Dentistry)*, 978 F.3d 323 (5th Cir. 2020).  As instructed by the Fifth Circuit, the Court granted Dr. Rohi's motion for leave to amend.  *Id.* at 326.

The Court denied Dr. Rohi's subsequent motion to remand to state court.  (ECF Nos. 64; 84; 85).  Dr. Rohi filed his second amended complaint on April 23, 2021.  The Brewer Defendants moved for summary judgment on April 7, 2022. (ECF No. 179).  The Court denied most of the motion for summary judgment and permitted Dr. Rohi to amend his complaint a third time.  Dr. Rohi filed his third amended complaint on July 27, 2022.[1]  (ECF No. 201).

At the March 10, 2023 status conference, Dr. Rohi's counsel announced that the case is ready for trial.  (ECF No. 221).  The Brewer Defendants do not contest that the case is ready for trial and consent to a jury trial in the District Court.

## DISCUSSION

"The District Court may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  The parties do not dispute that Dr. Rohi timely made a jury demand and the Brewer Defendants consent to trial by jury.[2]  A bankruptcy court may not conduct a jury trial absent consent of all parties.  FED. R. BANKR. P. 9015(b); *In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994); *Official Comm. of Unsecured Creditors of KP Eng'g, LP And KP Eng'g, LLC v. Steele (In re KP Eng'g, LP)*, No. 19-34698, 2020 WL 5947916, at *1 (Bankr. S.D. Tex. Aug. 27, 2020), *report and recommendation adopted*, No. 19-34698, 2020 WL 5947611 (S.D. Tex. Oct. 7, 2020). If a jury demand is properly made, sufficient cause is established.

---

[1] Dr. Rohi also moved for sanctions against the Brewer Defendants on July 9, 2021.  (ECF Nos. 109; 119). The Court held an evidentiary hearing on the sanctions motion and later issued a memorandum opinion awarding Dr. Rohi attorneys' fees in bringing a portion of the motion for sanctions.  (ECF Nos. 155; 219).

[2] Dr. Rohi requested a jury trial following a remand to Texas state district court.  (ECF No. 201 at 46).  The Brewer Defendants consent to a jury trial only in federal district court.  (ECF No. 224).

The Seventh Amendment provides the right to a jury trial in cases in which the value in controversy exceeds twenty dollars and the cause of action is to enforce rights that are at least analogous to those tried at common law in the late 18th century English courts. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 709 (1999) (quoting *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998)); *Lorillard v. Pons*, 434 U.S. 575, 583 (1978) (quoting *Curtis v. Loether*, 415 U.S. 189, 195–196 (1974)). A suit "at common law" refers to a suit "in which legal rights were to be ascertained and determined" as opposed to "those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford,* 3 Pet. 433, 447 (1830)).

Differentiating "suits at common law" from equitable proceedings requires a two-step analysis: (1) a comparison of the "statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) whether the remedy sought is "legal or equitable in nature." *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)). "The second stage of this analysis is more important than the first." *Id.* A request for a money judgment generally indicates that the claim should be denominated as legal rather than equitable. *See id.* at 47–48; *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) ("[W]e think it plain that their claim for a money judgment is a claim wholly legal in its nature however the complaint is construed. As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character.").

After reviewing Dr. Rohi's third amended complaint, Dr. Rohi's claims are primarily legal claims, and the remedy sought for those claims is legal in nature. Without evidence of the presence of any waiver, the Court finds that the jury demand is proper. Because the parties do not consent

to a trial before the Court and no pre-trial matters remain, withdrawal of the reference for trial is warranted.

## CONCLUSION

The Court recommends withdrawal of the reference.

SIGNED 03/22/2023

---
Marvin Isgur
United States Bankruptcy Judge